1844.

MURRAY
*v.*
MECHANICS'
BANK.

</div>

---

MURRAY, EXECUTOR OF THE WILL OF RICHARD CUN-
NINGHAM *v.* THE PRESIDENT, DIRECTORS AND COM-
PANY OF THE MECHANICS' BANK IN THE CITY OF
NEW YORK and others.

---

Where a will directed co-partnership debts to be paid in the following
words: " I order and direct my said executor to pay and divide the same
to and among the creditors of the late firm of C. & M'C. of the city of
New York, curriers, to whom I, as one of the said firm, may be indebted
at the time of my death rateably and proportionally, according to the
amount of their several and respective claims and demands, so far forth
as he shall be able conveniently to ascertain the same; and with a view
to free this subject from all embarrassments, I will and direct that my
executor shall cause an advertisement to be inserted for one month in two
of the daily papers of the city of New York, notifying the said creditors
of this order and direction and that such as come in at the end of the said
month and produce their claims, duly authenticated, shall be entitled to
their dividends and all others shall be excluded from any participation in
the same. All debts of whatever grade to be placed on an equal footing."
*Held*, that this did not revive debts otherwise barred by time.
Where an answer expressly avers a new promise within six years and no
replication is filed, the debt will be treated as revived.

<div style="text-align:right">

*Oct. 23.*
1844.

*Will.*
*Statute of*
*limitations.*
*Evidence.*

</div>

---

BILL for direction to settle the construction of the will of
Richard Cunningham. Gloriannah Cunningham, the first

wife of the said Richard Cunningham, had made a will or appointment in the nature of a will under authority in certain deeds of settlement; and in such will or testamentary document she had directed her executors to invest all her estate ; and expend and apply it (with some exceptions as to legacies) to the maintenance and support of her husband, the said Richard Cunningham. And with power to him to bequeath the principal by a will.

Richard Cunningham (after marrying again) made use of the power; and his will contained the following clauses : " And whereas the said Gloriannah Cunningham did further will and direct that, after the decease of the said Richard Cunningham, out of the monies to be put at interest or invested as aforesaid, certain legacies should be paid which are therein particularly specified; and after payment of the said legacies, all the rest, residue and remainder of her estate, real and personal in law and equity, she gave and bequeathed to such person or persons and uses and purposes as the said Richard Cunningham, in and by his last testament, should or might order, direct and appoint. Now, therefore, in order to carry into effect the intention of the said Gloriannah, I, the said Richard Cunningham, do hereby order and direct my executor hereinafter named to sell and dispose of all the said estate, real and personal, that may remain unsold at the time of my decease; and to make and execute proper conveyances for the same; and to collect and receive whatever sum of money may remain over and above the payment of the legacies mentioned and particularly enumerated in the will of the said Gloriannah Cunningham. And, after the payment of my funeral expenses and charges touching the proving and executing of this my will, then, as to all the rest, residue and remainder thereof, I give, devise and bequeath the same to my said executor hereinafter named, his executors, administrators and assigns : upon trust, nevertheless, to and for the uses and purposes hereinafter named, that is to say : in trust to put and place out the same at interest, on bond and mortgage, from time to time; and to pay over all the interest and dividends to arise and accrue

therefrom to my said wife Mary Ann during her natural life, if she shall so long remain my widow. And from and immediately after her death or second marriage, whichever event may first take place, then, as to all the said principal monies so to be invested as aforesaid, I order and direct my said executor to pay and divide the same to and among the creditors of the late firm of Cunningham & McCormick, of the city of New York, curriers, to whom I, as one of the said firm, may be indebted at the time of my death, rateably and proportionally, according to the amount of their several and respective claims and demands so far forth as he shall be able conveniently to ascertain the same. And with a view to free this subject from all embarrassments, I will and direct that my executor shall cause an advertisement to be inserted for one month, in two of the daily papers of the city of New York, notifying the said creditors of this order and direction and that such as come in at the end of the said month and produce their claim, duly authenticated, shall be entitled to their dividends; and all others shall be excluded from any participation in the same. All debts of whatever grade to be placed on an equal footing. Lastly. I do hereby nominate and appoint my esteemed friend, the said John R. Murray, sole executor of this my last will and testament."

The bill in this case, after setting forth the wills of Gloriannah and Richard Cunningham, contained the following clauses:

And your orator further shows unto your honor that, on or about the eighteenth day of September one thousand eight hundred and thirty-seven and subsequently to the execution of the will last above recited, the said Mary Ann, the wife of the said Richard Cunningham, departed this life, leaving her surviving her husband the said Richard Cunningham. And that, subsequently to the making of the said will of the said Gloriannah Cunningham, he, the said Richard, received a bequest under the will of a certain J. F. Marsh of Westchester County; and from that and other sources he left about the sum of thirty-eight hundred dollars which is not disposed of by his said will. And your orator farther shows unto your honor that, on or about

1844.

MURRAY
v.
MECHANICS'
BANK.

the third day of June one thousand eight hundred and thirty-eight the said Richard Cunningham departed this life, not having altered, revoked or cancelled his said will. And your orator farther shows unto your honor that the said will of Richard Cunningham was duly proved before the surrogate of the City and County of New York; and letters testamentary thereof granted to your orator on or about the twenty-eighth day of May one thousand eight hundred and thirty-nine; and that he has taken upon himself the burden of the execution thereof. And your orator farther shows unto your honor that he has advertised for the time and in the manner required by law; and, also, for the month, daily, as directed by the will of the said Richard Cunningham; and that several creditors of Cunningham & McCormick, that is to say, the president, directors and company of the Mechanics' Bank in the city of New York a corporation located and doing business in the city of New York, Phila Cunningham of Heightstown, New Jersey, David S. Brown, survivor of D. S. & J. Brown, of the city of New York and Hiram Ketchum and Thomas Fessenden of the city of New York have presented claims of long standing and of divers amounts, which are all barred by the statute of limitations, except a judgment held by the said Mechanics' Bank in the city of New York which was obtained on the eighth day of August one thousand eight hundred and twenty-three. And your orator farther shows unto your honor, that he is informed and believes and, therefore, states that Pierre Lawrence of Newark, New Jersey, Margaret A. Lawrence of the city of New York and Catharine Tickenor, wife of Daniel A. Tickenor of the city of New York are the next of kin of the said Gloriannah Cunningham, deceased; and that they now contend and claim that they are entitled to have and receive the portion of the estate of the said Gloriannah Cunningham which is unexpended and that the debts of Cunningham & McCormick are all outlawed with the exception of the said judgment and should not be paid; and that if the said judgment is to be paid at all, it should be paid out of the property acquired by the said Richard Cunningham subsequently to the death of the said Gloriannah Cunningham. And your

orator farther shows unto your honor that Hugh McCormick, the former partner of the said Richard Cunningham, died long previous to the decease of the said Richard. And your orator farther shows, on information and belief, that the said David S. Brown, having become insolvent, made a general assignment for the benefit of his creditors of all his estate, debts and effects to one Moses Ward of the city of Newark, New Jersey; and that the said Moses Ward, by virtue of the said assignment, is now the owner of the said claim of the said D. S. & J. Brown against the said Cunningham & McCormick. And your orator further shows unto your honor that he has now in his hands and unexpended the principal sum of about thirty-eight hundred dollars—proceeds of the estate of the said Richard Cunningham: and the farther sum of about forty-seven hundred dollars of principal, proceeds of the estate of the said Gloriannah Cunningham. And your orator farther shows unto your honor, as he is advised by counsel and verily believes, that he cannot, as the executor of the said will of the said Richard Cunningham, carry into effect the said will according to all the various provisions thereof with safety to himself without the previous advice, sanction and protection of this court and a judicial exposition of some of the provisions thereof; and, among other questions arising under the said will, he does respectfully submit to the decision of this court: whether he will be legally justified as executor of said will in paying simple contract debts of Cunningham & McCormick which are barred by the statute of limitations?—and if it shall be adjudged that such debts are good and valid claims upon him as such executor, then, your orator needs the farther advice and direction of this court as to whether he should or should not, in paying such debts, be confined to that portion of the estate of the said Richard Cunningham which was devised from the said Gloriannah Cunningham?—and if it shall be adjudged that such outlawed claims are not to be paid out of said estate, then, whether that portion of the said estate derived from said Gloriannah should or should not be applied in the first instance to the payment of the amount due upon the claim of the aforesaid judgment creditor, which claim would near

1844.

MURRAY
v.
MECHANICS'
BANK.

ly absorb the whole of such portion of said estate?—and if the simple contract debts are excluded and that portion of the estate derived from said Gloriannah shall be more than sufficient to pay such judgment creditor, then, whether the residue thereof should go to the representatives of the said Gloriannah or of the said Richard Cunningham?—and if the simple contract debts are excluded and÷the judgment creditors claim be directed to be paid out of property acquired by the said Richard Cunningham after the decease of the said Gloriannah Cunningham, if the same should be sufficient for that purpose, then, whether the whole of the estate derived from the said Gloriannah Cunningham which may then remain should go to the representatives of the said Gloriannah or of the said Richard Cunningham? &c. &c."

It is deemed unnecessary to refer to the answers interposed.

Mr. *Horace Holden*, for the complainant.

Mr. *Thayer*, for the next of kin of Mrs. Cunningham.

Mr. *Fessenden*, for the defendants Ketchum and Fessenden.

Mr. *Titus*, for the Mechanics' Bank.

*October* 6, 1845.

THE VICE-CHANCELLOR :—This case is somewhat peculiar. The will of Richard Cunningham is in the nature of an appointment under the will of his wife Gloriannah, by which he, in effect, appropriates the property left to him by that will to the payment of the debts of his late co-partnership of Cunningham & McCormick. Thus selecting a class of creditors for whose benefit he creates a trust. And it is such a trust as is authorized by the revised statutes. Still, it is a question whether the trust to pay the debts of the partnership includes debts barred by the statute of limitations at the time of this testator's death ?

The expression of the will strongly indicates the intention not to make such a distinction or discrimination. He says: " to pay and divide the same among the creditors of

the late firm to whom I, as one of the late firm, may be in-debted at the time of my death rateably, &c. so far as the executor shall be able conveniently to ascertain the same;" and to enable him to do that he directs the executor to advertise one month in two newspapers for creditors to produce their claims, &c. And such as do so shall be entitled to their dividends, whilst all others shall be excluded and all debts of whatever grade to be placed on an equal footing. But even since the case of *Burke* v. *Jones*, 2 V. & B. 275, it has been an established rule that a devise of real estate in trust to pay debts which the personal property might be insufficient to discharge, did not revive debts upon which the statute had taken effect at the death of the testator. Lord Brougham, it is true, went against it in *Jones* v. *Scott*, 1 Russ. and M. 255; but his judgment was reversed in the house of lords: 4 Clark and Finn. 482; and the rule in *Burke* v. *Jones* was restored and has since been followed by Lord Cottenham in *Freake* v. *Cranefeldt*, 3 Mylne and Cr. 499; and by the master of the rolls in *Evans* v. *Tweedy*, 1 Beavan, 55, where the argument founded on the idea of there being a trust was not allowed to prevail. These cases are decisive of the present on that point.

The next question is, whether the statute had, in fact, run against the demands presented to the executor in consequence of his advertisement?

The debts due to the Mechanics' Bank and to Hegeman (in judgment) were not affected by the statute of limitations, being debts of record. Nor is the debt to Brown, now represented by Ward, affected by the running of the statute, since this answer expressly avers a promise to pay within six years and the answer is uncontradicted—not having been replied to. So, with regard to the demand of Messrs. Ketchum and Fessenden, to the amount of one hundred and nineteen dollars, being a balance due them for costs of a suit pending at the time of the testator's death, that is not affected by the statute; but the rest of their claim, fifty-two dollars and seventy cents, is confessedly outlawed. And such is also the case with respect to the note held by Phila Cunningham. Nothing is shown by her answer to take it out of the statute, except the expression in the will—and

that, we have seen, is not sufficient for the purpose. Her demand, therefore, and the claim of Ketchum and Fessenden, to the amount of fifty-two dollars and seventy cents, are to be excluded from any dividend of the fund in the hands of the executor. I suppose it is a matter of no moment to marshal the assets in this case, since the debts to be paid, according to my views, will absorb the whole of both funds held by the executor, yet, I am of opinion and the decree may so direct that the four thousand seven hundred dollars—proceeds of Gloriannah's estate—is, by the will of Richard, constituted the primary fund for the payment of the debts of the firm of Cunningham & McCormick and must be divided accordingly, considering those debts placed upon an equal footing by the will and to be paid rateably.

The costs of all parties are to be paid, in the first instance, out of the four thousand seven hundred dollars; and, then, the residue must be divided between the two judgment creditors and the two simple contract creditors Ward and Messrs. Ketchum and Fessenden. The other fund, of three thousand eight hundred dollars, not being appropriated by the will, is to be applied in due course of administration. In the absence of individual debts of the testator Richard Cunningham, this money is to be applied to the balance that will remain due on the two judgments rateably as preferred debts and if more than sufficient to satisfy them, then, to go towards the balance due on the two simple contract debts before mentioned.

<div style="text-align: right">Decree accordingly.</div>